UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JESSICA HUMBERTSON,**

    **Plaintiff,**

v.                                            **Case No. 8:23-cv-1709-MSS-AAS**

**PROGRESSIVE SELECT**
**INSURANCE COMPANY,**

    **Defendant,**
_____/

## ORDER

The parties appeared for a hearing on Progressive Select Insurance Company's (Progressive) motion for *in camera* review and to compel production of documents withheld on Morgan & Morgan P.A.'s privilege log (doc. 20)[1] and Plaintiff Jessica Humbertson's response (doc. 25). (Doc. 29). The court granted an *in camera* review of the documents and took under advisement Progressive's motion to compel. (Doc. 28). The court performed an *in camera* review.[2]

Ms. Humbertson must prove Progressive acted in bad faith to prevail in

---

[1] Ms. Humbertson retained Morgan & Morgan to represent her in the underlying litigation, *Jessica Humbertson v. Joshua Jenckes*, Case No. 2020-CA-000340, in the Tenth Judicial Circuit, in and for Polk County, Florida.

[2] At issue are Morgan & Morgan, P.A.'s Privilege Log Bates Nos. M&M_0739, 0740, 0741, 0742, 0743, 0744, 0745, 0746, 0747, 0748, 0749, 0750, 0751, 0752, 0753, 0754, 0755, 1037–1042, and 1064–1066.

1

this action. "In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004). Ms. Humbertson must prove Progressive could and should have settled Ms. Humbertson's claim within the policy limits. *See RLI Ins. Co. v. Scottsdale Ins. Co.*, 691 So. 2d 1095 (Fla. 4th DCA 1997); *Shin Crest PTE, Ltd. v. AIU Ins. Co.*, 605 F. Supp. 2d 1234 (M.D. Fla. 2009), aff'd, 2010 WL 5826888 (11th Cir. 2010). Thus, Progressive has a substantial need for materials that may otherwise be protected by the attorney-client privilege or the work product doctrine because Progressive must be permitted to assess the veracity of Ms. Humbertson's claim she would have accepted an offer of policy limits during the relevant time. *See Robles v. GEICO Indem. Co.*, No. 8:19-CV-1293-T-60AAS, 2020 WL 1529968, at *2 (M.D. Fla. Mar. 31, 2020).

Within the withheld documents are various communications and notes that are not privileged information because they do not involve a discussion of legal advice. Simply funneling non-privileged information through an attorney does not automatically encase the document in the privilege. *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-CV-1002-ORL-31, 2012 WL 5415108, at *3 (M.D. Fla. Nov. 6, 2012) (citation omitted). The content of the

message must request legal assistance, and the information conveyed must be reasonably related to the requested assistance. *Id.* Bates Nos. M&M_0739, 0740, 0741, 0742, 0743, 0744, 0746, 0747, 0748, 0749, 0755, and 1037–1042 do not contain privileged information or communications, so the attorney-client privilege does not protect them. Even assuming *arguendo* that these documents contained attorney-client privileged communications, by asserting a claim against Progressive for common law bad faith, Mr. Humbertson has created a factual issue of whether Progressive could have settled, i.e., whether Ms. Humbertson would have accepted Progressive's offer of the policy limits to settle her claim. *See Batchelor v. Geico Cas. Co.*, No. 6:11-CV-1071-ORL, 2014 WL 3697691, at *4 (M.D. Fla. Apr. 22, 2014), aff'd, No. 6:11-CV-1071-ORL-37, 2014 WL 3687490 (M.D. Fla. June 20, 2014). These documents are probative enough of this issue that they must be produced.

The remaining documents (Bates Nos. M&M_0745, 0750, 0751, 0752, 0753, 0754, and 1064–1066) are privileged communications or notes protected as work product, but these communications and notes either address Ms. Humbertson's counsel's thoughts about the value of the case during the relevant timeframe or address Ms. Humbertson's counsel's reactions to Progressive's efforts to settle Ms. Humbertson's claim. These withheld

documents are highly relevant to whether Progressive could have settled the underlying claim "under the totality of the circumstances," consequently, the documents should be produced. *McMullen v. GEICO Indem. Co.*, No. 14-CV-62467, 2015 WL 2226537, at *7–8 (S.D. Fla. May 13, 2015).

Accordingly, Progressive's motion to compel (Doc. 20) is **GRANTED.** By **July 19, 2024**, Ms. Humbertson must produce to Progressive Morgan & Morgan, P.A.'s Privilege Bates Nos. M&M_0739, 0740, 0741, 0742, 0743, 0744, 0745, 0746, 0747, 0748, 0749, 0750, 0751, 0752, 0753, 0754, 0755, 0756, 0757, 0758, 0763, 1037–1042, 1059–1063, and 1064–1066.

**ORDERED** in Tampa, Florida on July 15, 2024.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4