UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA HUMBERTSON,

      Plaintiff,

v.                                          Case No. 8:23-cv-1709-MSS-AAS

PROGRESSIVE SELECT
INSURANCE COMPANY,

      Defendant,
_____/

## ORDER

The parties appeared for a hearing on Jessica Humbertson's motion to compel production of documents and for copies (doc. 21) and Progressive Select Insurance Company's (Progressive) response (doc. 26). (*See* Doc. 29). The court directed Progressive to produce the subject documents for *in camera* review and took under advisement Ms. Humbertson's motion to compel. (Doc. 28). The court performed an *in camera* review.

**I.    BACKGROUND**

This is a third-party common law bad faith action brought by Ms. Humbertson against Progressive in connection with her claim for bodily injury (BI) benefits resulting from a motor vehicle accident involving Joshua Jenckes. (Doc. 1-1). Ms. Humbertson filed a negligence action against Mr. Jenckes,

1

*Jessica Humbertson v. Joshua Jenckes*, Case No.: 2020-CA-000340, in the Tenth Judicial Circuit, in and for Polk County, Florida (the underlying action). Ms. Humbertson received a final judgment against Mr. Jenckes and subsequently brought this bad faith action against Progressive.

Progressive retained counsel to defend Mr. Jenckes in the underlying action. Mr. Jenckes was first represented by the Law Offices of Terryl Blackmon Walker, Progressive's staff counsel. Progressive later transferred Mr. Jenckes's defense from the Law Offices of Terryl Blackmon Walker to the law firm of Savage Villoch, PLLC. Ms. Humbertson now moves to compel withheld privileged communications between Mr. Jenckes, Mr. Jenckes's counsel, and Progressive regarding the defense of the underlying action. (Doc. 21). Specifically, Ms. Humbertson requests: (1) documents withheld by The Law Office of Erick D. Martin f/k/a The Law Office of Terryl Blackmon Walker;[1] (2) documents withheld by Savage Villoch Law, PLLC;[2] (3) a document withheld by Joshua Jenckes,[3] and (4) documents withheld from Progressive in

---

[1] Bates Nos. TBW_0160-0162, 0165, 0270-0272, and 0274.

[2] Bates Nos. Savage Villoch_0274-0276, 0280-0281, 0282, 0285, 0295, 0297, 0300-0301, 0303, 0305, 0307, 0309, 0310, 0314-0315, 0317-0318, 0319-0320, 0321-0322, 0326, 0328, 0330, 0332, 0334, 0335-0336, 0341, 0343, 0353, 0354, 0368-0369, 0370, and 0383.

[3] Bates No. Josh Jenckes_023.

response to Ms. Humbertson's request for production.[4] (Doc. 21). Progressive opposes the motion. (Doc. 26).

## II.   ANALYSIS

Discovery is permitted regarding any "nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). In a bad faith action, the permitted discovery of an insurer's claim file is not unlimited. In *Scoma*, the plaintiff in a third-party bad faith action requested to compel communications between the insured, the insured's underlying attorney, and the insurer. *Progressive Express Ins. Co v. Scoma*, 975 So. 2d 461, 466-67 (Fla. 2d DCA 2007). The court concluded that, when assessing whether the attorney-client privilege applies in a third-party bad faith action, it is important to consider whether the action has been brought by the insured or by the underlying claimant, as the attorney-client privilege is assessed differently in the two scenarios. *Id.* at 466. Specifically, in an underlying tort action, the insured and the insurer's interests "may be aligned, or at least may not be adverse." *Id.*

---

[4] Bates Nos. PRG_368-383, 388, 801-802, 959-968, 969, 986-1015, 1016-21, 1030-1031, 1037-1050, 1051-1052, 1053-1082, 1083-1103, 1105-1107, 1111.-1033, 1218-1221, 1220, 1228, 1239, 1242, 1231, 1237, 1243, 1246, 1258, 1458, 1471, 1472, 1476-1478, 1486-1487, 1488, 1489, 1494, 1495, 1496, 1497, 1498-1499, 1500, 1501, 1502, 1503, 1505-1513, 1519-1557, 1558-1566, 1567-1570, 2071, 2075-85, 2095, 2097, 2100, 2106-2107, and 2114-2116.

Because the party bringing the bad faith action is the underlying claimant, Ms. Humbertson, the third-party claimant would not have had access to privileged communications between the insured, the insurer, and their attorney about matters of common interest that took place during the handling of the underlying claim. *Scoma*, 975 So. 2d 466-67. The third-party claimant is not entitled to discovery of these privileged communications during a bad faith action. *Id.* "A person does not waive or otherwise lose an attorney-client privilege merely because a third party is authorized to file a lawsuit against the person's insurance company." *Id.* at 465.

Similarly, in *Maharaj*, the plaintiff sought to compel the insurer's claim file up to the date of the underlying judgment. *Maharaj v. GEICO Casualty Co.*, 289 F.R.D. 666, 669 (S.D. Fla. 2013). Specifically, the plaintiff argued that the attorney-client privilege did not apply to communications between the insurer, the insured's counsel, and the insured about the underlying tort action because, as a third-party beneficiary, the plaintiff was entitled to discover the insurer's entire claim file through the date of the judgment. *Id.* The *Maharaj* court held that the attorney-client privilege should apply to four categories of communications in third-party bad faith actions when the underlying claimant is bringing the bad faith action: (1) those between the insured and her counsel,

4

(2) those between the insurer and its outside counsel, (3) those between the insurer and its in-house legal counsel, and (4) those between the insurer and the insured's counsel. *Id.* at 672.

Because Ms. Humbertson was the underlying claimant rather than the insured (Mr. Jenckes), she is not entitled to production of communications between Mr. Jenckes, Progressive, and Mr. Jenckes's attorneys. Thus, Progressive properly asserted privilege over the subject communications based on the "tri-partite relationship." *See Travelers Indem. Co. of Connecticut v. Old Dominion Ins. Co.*, No. 8:19-cv-466-T-30AAS, 2020 WL 5701816, at *2 (M.D. Fla. Sept. 24, 2020) ("Here, a tripartite relationship exists between [defense counsel], [insurer], and [insured] because the parties agreed to a representation of common interests. Even though no one in the relationship could claim the privilege to shield communications from another party within the tripartite relationship, any of the three in the relationship could claim privilege against a third party.").

After performing an *in camera* review of the documents withheld by The Law Office of Erick D. Martin f/k/a The Law Office of Terryl Blackmon Walker, Savage Villoch Law, PLLC, Joshua Jenckes, and Progressive, the court finds

5

the withheld documents are privileged and not subject to disclosure.[5]

## III. CONCLUSION

Accordingly, Ms. Humbertson's motion to compel and for copies (Doc. 20) is **DENIED**.

**ORDERED** in Tampa, Florida on July 15, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[5] The court further notes Ms. Humbertson argues the requested privileged communications would "reveal why Progressive rejected [Ms.] Humbertson's repeated offers to settle within the policy limits and whether Progressive breached the duties owed to its insureds [. . .]," but most of the subject requests involve documents dated after Ms. Humbertson rejected Progressive's tender of the BI policy limits (September 23, 2020).